# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,   )
  )
      Plaintiff,   )
  )
    v.   )      Case No. 05-40098
  )
OSCAR J. BERROA,   )
  )
      Defendant.   )

# O R D E R

Before the Court is the motion of Defendant Oscar J. Berroa filed March 23, 2007, [#43] for the return of property seized by officers of the law in connection with the arrest of Defendant on August 4, 2005, on drug charges to which he subsequently pled guilty and was sentenced to 48 months imprisonment on June 2, 2006.  The Government filed its response to the motion on August 16, 2007, [#63] treating Defendant's motion as one pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure while correctly pointing out that Rule 41(g) does not provide for any relief beyond return of property.[1]  See Okaro v. Callaghan, 324 F. 3d 488, 491 (7th Cir. 2003).  Additionally, the Government points out that such damages against the United States would be barred under the doctrine of sovereign immunity.  See In re Search of 2847 East Higgins Road, 390 F.3d 964, 967 (7th Cir. 2004)("The reason that Rule 41(g) is not a proper vehicle for bringing a suit for restitution against the federal government is that the rule does not waive the sovereign

---

[1] In his motion, Defendant requests equitable relief in the form of monetary damages if his property is no longer available for return.

immunity of the United States"). The Court agrees with the Government that restitution damages are not available in connection with this motion, and the Court will confine it's consideration of the motion to the issue of the return of property seized from Defendant as provided in Rule 41(g).

Defendant's request for legal counsel was granted, and attorney Steve Hanna, Defendant's attorney at trial, was appointed to represent Defendant on this motion and filed a response to the Government's Response on August 27, 2007 [#64].

At the start, the Court is confronted with the Government's challenge to the propriety of the Court's consideration of the motion which it characterizes as a civil proceeding disguised as a Rule 41(g) motion to challenge the administrative forfeiture of Defendant's vehicle and other personal property by state authorities. Under this theory of the motion, the Government argues that Defendant, an inmate, is required to pay the necessary civil filing fee and comply with the Prison Litigation Reform Act (PLRA) requirements or other available procedures to challenge the state administrative forfeiture. According to the Government's argument, this would also be the case in connection with any civil action for damages. Contrary to the Government's construction, the Court construes the motion only as a Rule 41(g) motion and would deny the motion except as provided herein.

After a couple of extensions were given the Government to respond to the motion, the Government filed its response on August 16, 2007, which included the affidavit of Russell Coulter, Special Agent with the U.S. Drug Enforcement Administration (DEA). Special

Agent Coulter's affidavit relates that Defendant's arrest arose out of a traffic stop by a trooper with the Illinois State Police on August 4, 2005.  A subsequent search of Defendant's vehicle, a 1998 Honda Accord, resulted in the discovery of fifteen kilograms of cocaine in a hidden compartment for which Defendant was arrested.[2] Defendant's vehicle and contents, including the drugs and items of personal property belonging to Defendant and his codefendant Ramon Garcia, were seized by the Illinois State Police.  Various items of personal property found in the vehicle were placed in the evidence vault at the Illinois State Police District 7 Headquarters, East Moline, Illinois.  An automobile floor jack, socket bar and wrench, automotive sandpaper, truck coating, Bondo plastic spreaders, and keys to the 1998 Honda Accord were inventoried as evidence of the suspected drug offense for use by federal authorities in prosecuting the drug offense.  All other items of personal property located in the vehicle when seized by the Illinois State Police remained in their custody which included two Wal-Mart bags and a backpack containing male clothing and personal items belonging to Defendant and a duffel bag belonging to codefendant Garcia.  Forfeiture proceedings were commenced against the 1998 Honda Accord by the Henry County States Attorney and a Declaration of Forfeiture  was signed by the State's Attorney of Henry County on December 27, 2005.  The only items of personal property belonging to Defendant that are

---

[2] While searching the vehicle, the trooper observed items typically used to make secret compartments in vehicles such as a new portable car jack, a breaker bar with one socket, sand paper, autobody filler, a black bag with a putty knife, a can of black spray paint, and miscellaneous wrenches which suggested the presence of a hidden compartment on the vehicle for the concealment of drugs which turned out to be the case.

allegedly currently in the possession of the federal government are Defendant's social security card, a medical card, a State of Florida driver's license, certain ATM receipts, an Alien card, and a credit card.  These items were initially seized by the Illinois State Police and turned over to DEA on April 11, 2007, in connection with the federal prosecution.  The Government acknowledges that it will return all of these items received by it except for the Florida driver's license in Defendant's name and the ATM receipts which they argue are needed for their evidentiary value in the prosecution and sentencing of Defendant and his codefendant, including the expiration of any right of Defendant and codefendant Garcia to appeal or collaterally attack their conviction or sentence.  In that connection, 28 U.S.C. § 2255 provides that a defendant has one year from the time his conviction is final to challenge his conviction or sentence.  Whether or not this time has expired is an issue that can also be decided at an evidentiary hearing on the Rule 41(g) motion which is set for **Friday, November 2, 2007 at 11:00 a.m., in person, in Rock Island,** for the purpose of determining what, if any, of Defendant's seized personal property is in the possession or control of the Government and the items of personal property that should be returned to Defendant.

ENTERED this  6th  day of September, 2007.


                                    s/Joe B. McDade
                                 JOE BILLY McDADE
                              United States District Judge

4